THE SUPERINTENDENT OF THE POOR OF CORTLAND COUNTY, Appellant, *v.* THE SUPERINTENDENT OF THE POOR OF HERKIMER COUNTY, Respondent.

The declarations of a public officer cannot be given in evidence, as admissions to bind a municipal corporation of which he is the agent, unless they are part of the *res gestœ.*

A party may testify directly to the intent with which he did an act, when the intent is a fact material to the issue.

On the trial of an action brought against the superintendent of the poor to recover for the maintenance of a pauper, alleged to have been improperly removed with intent that he should become chargeable to another county, evidence on the part of the plaintiff, tending to show declarations made by the defendant long after the alleged removal was stricken out. The defendant, as a witness, was allowed to answer the question: "Did you send (the pauper) from the county of Herkimer in good faith"? The plaintiff duly excepted to both rulings.—*Held*, no error.

(Argued September 21st; decided December 27th, 1870.)

APPEAL from an order of the Supreme Court at General Term, in the fifth district, denying a motion for a new trial, upon exceptions heard at the General Term in the first instance, and ordering judgment in favor of the defendants, on a verdict rendered at the circuit in Herkimer county.

The action is to recover for the maintenance of a pauper, alleged to have been improperly removed from Herkimer county, with the intent that he should become chargeable in Cortland, or some other county.

At the trial, the plaintiff proved the declarations of one Stimpson, who was superintendent of the poor of Herkimer county; that the pauper was removed from Herkimer at the expense of that county, with a view of getting rid of him.

These declarations were made some time after the removal, at an interview between the superintendents of the two counties, with reference to an arrangement of the matter in dispute. When the case, on the part of the plaintiff, had been rested, the counsel for the defendant moved to strike out this evidence, and the court granted the motion; to which ruling the plaintiff excepted.

Evidence was also admitted, that the pauper said to Stimpson, the superintendent, that he wanted to go to Binghamton, where he had a brother, and believed that he could find employment. The plaintiff objected, and duly excepted to the admission of this evidence.

Stimpson, being on the stand as a witness, was asked by the counsel for the defendant this question: "Did you send H. C. Bloodgood (the pauper) from the county of Herkimer in good faith"? The question was admitted against the objection and exception of the plaintiff's counsel.

There was evidence showing that Bloodgood had been maintained by the county of Herkimer as a pauper, the greater portion of the time, for several years prior to his removal; that the superintendent, Stimpson, had supplied the pauper with some clothing, money, and a passage by the railroad to Syracuse, and threatened him with rough usage if he returned; and there was predominating evidence, that he was a lunatic as well as a pauper. The witness, Stimpson, also testified in answer to the question stated above, that he did not send the pauper away with intent to make any other county chargeable. The jury, under the charge of the judge,

to which no exception was taken, found a verdict for the defendant.

*John H. Reynolds*, for the appellant, cited *Lanagan* v. *People* (39 N. Y., 39); *Bank of Monroe* v. *Field* (2 Hill., 455); *Baptist Church* v. *Brooklyn Ins. Co.* (18 Barb., 69); *Dunham* v. *Waterman* (17 N. Y., 21); *Thomas* v. *Ross* (8 Wend., 672); *Overseers of Pittstown* v. *Overseers of Platts-burgh* (15 John., 436); S. C., 19 John., 47; *Coe* v. *Smith* (24 Wend., 341); *Norton* v. *Rhodes* (18 Barb., 102).

*Francis Kernan*, for the respondent, cited *Boom* v. *City of Utica* (2 Barb., 104); *Thallheimer* v. *Brinkerhoof* (4 Wend., 394); *Hubbard* v. *Elmer* (7 id., 446); *Alexander* v. *Mahon* (11 John., 185); *Phillips* v. *Thompson* (1 John. Ch. R., 131); *Coe, Supt.*, v. *Smith, Supt.* (24 Wend., 341); *Seymour* v. *Wilson* (4 Kern., 567).

LEONARD, C.   The rules of evidence preclude the admission of conversations and declarations made by an agent, except when they are part of the transaction which gives rise to the controversy.   They are then of the *res gestæ* and admissible.

The admissions of Stimpson, who was an agent, having certain legal and specific duties, made after the transaction, were not admissible as evidence; and the judge at the trial, on motion, properly struck out evidence of this character, which had been previously admitted.

The statute under which this action was brought, involves the intent of Stimpson in making the removal of the pauper from Herkimer, where he had resided and been a charge upon the county for several years.

The Revised Statutes declare that any person who shall remove any poor person from one county to another, without legal authority, and there leave him, with the intent to make the county to which removal shall be made chargeable with the support of such pauper, or who shall entice any *such* poor person so to remove with *such* intent, shall forfeit fifty dollars,

etc. (Part 1, chap. 20, title 1, § 58, Edmonds' ed.) The next section directs that the pauper so removed shall be maintained by the county superintendent where he may be; and further provides for the giving notice of such improper removal to the proper officer of the county or town from which he was brought, and requiring such officer to take charge of the pauper.

By the next section, the officer receiving the notice, shall within thirty days take the pauper so brought or enticed, to his county or town, and there support him, and pay the expenses of the notice, and of the support of such pauper, or within thirty days serve a counter notice, denying the alleged improper enticing or removal.

By section 61. If there shall be a neglect to take and remove such pauper, and notify such denial, within the time prescribed, the county or town shall be deemed to have acquiesced in the allegations of the first notice; and the county or town shall be liable for the expenses of the support of *such* pauper, which may be sued for and recovered from time to time, by the county superintendents incurring the said expenses, in actions against the superintendents of the poor of the county, or the overseers of the poor of the town, as the case may be, so liable for such expenses.

By section 62. The action must be commenced within three months or it is forever precluded.

These sections have received a judicial construction, which has a direct bearing upon the two remaining questions of evidence in the case. (24 Wend. R., 342; *Coe and others, Superintendents of the poor of Genesee county* v. *Smith and others, Superintendents of the poor of Allegany county.*)

In that case, Judge NELSON, delivering the opinion of the court, says: "From an attentive consideration of these provisions it appears obvious to me that a *removal* of the pauper which will charge the county with the expenses of his maintenance, must be such as would subject the person concerned in it to the penalties imposed by the sixty-third (58 Edm. ed.) section of the act."

The penalty is incurred when any person removes, or entices the pauper to remove, without legal authority, with *intent* to make the county, to which the removal shall be made, chargeable, etc.

It cannot be denied that the request of the pauper, to go to a place where he stated that he had a brother residing, and where he believed he could find employment, is some evidence to go to the jury, bearing on the question of intent of the person aiding his removal. Its weight as evidence might depend on various circumstances, as in the present case, whether the pauper was a lunatic or was of bad character for veracity; all of which it would be for the jury to consider in determining how much value Stimpson, the superintendent, might or did properly give to the communication when made: or whether he, as a person of sound discretion, was or ought to be influenced by it. Although the value of the evidence was slight, it ought to have been, as it was, given to the jury.

The question of intent, as we have seen, has been made by statute a condition of the plaintiff's right to recover. Stimpson, who had been the accessory to the removal, and who was the person, if any one, who had become liable for the penalty of fifty dollars, imposed by the fifty-eighth section, above referred to, was on the stand, and was inquired of as a witness for the defence, as to his good faith, in sending the pauper from his county. Were we without any direct authority in this court adjudging the admissibility of such an inquiry to be put to the accused party, I should be very unwilling now to concede it. Intent is to be judged of usually by the light of surrounding facts and circumstances. These afford a satisfactory test, which all can know and consider as well as the witness. But here the witness speaks of an intent which may be at variance with the surrounding facts and circumstances, and of which none can know but himself.

The rule has been laid down in this court, in a distinguished case, that an assignor charged with having assigned and disposed of his property with an intent to hinder, delay

and defraud creditors, may be inquired of as a witness in a civil action, affecting the validity of such assignment, as to his intent in making it. (*Seymour* v. *Wilson*, 4 Kern., 567.)

The present case cannot be distinguished from the one referred to, in principle or analogy. The rule, *stare decisis*, is of such importance that we cannot here depart from authority.

The judgment should be affirmed with costs. All concur except EARL, not sitting. Judgment affirmed with costs.