AARON S. BLACK *against* JAMES M. RYDER, SAMUEL D. COZZENS, AND JAMES D. MOWRY.

Plaintiff sold defendant certain stock, and took in payment therefor his note, payable in four months, for $2,800, with the condition that the stock should not be delivered until the note was paid, and immediately thereafter loaned the defendant $2,600, and took the stock as collateral, the purchase of the stock having been a condition of the loan. *Held*, that from these facts the jury might infer that the $2,800 note was usurious.

Where the facts in regard to an alleged usurious transaction do not directly show usury, but are such that the jury could infer that they were intended as a cover for usury, it is competent to ask the lender whether he intended to take usury.

APPEAL by defendants from a judgment of this court, entered on the verdict of a jury.

The action was on a promissory note for $2,800, dated New York, January 12th, 1867, payable four months after date, to the order of S. D. Cozzens, at No. 2 Murray street, made by the defendant Ryder, and indorsed by the defendants Cozzens and Mowry.

The defense was that the note was usurious; that interest on it had been reserved at the rate of 21½ per cent. per annum, $2,600 only having been advanced on it, and $200 having been reserved as interest on that sum for four months.

The facts shown to support the defense are stated in the opinion.

Plaintiff had a verdict, and defendants appealed to the general term.

*T. C. Campbell*, for appellants.

*George Owen*, for respondent.

J. F. DALY, J.—No usurious agreement was proved on the trial. It was not shown that the plaintiff exacted or agreed to take more than seven per cent. for the loan or forbearance of any money. It was not shown that any money was agreed to be or was advanced on the note in suit. The plaintiff's version of the transaction by which he became the holder of the note was not contradicted by any other witness, and was supported by the writings introduced in the case. The person who acted as agent for defendants in transferring the note to plaintiff was not put on the stand, and no other person could testify as to the agreement upon which plaintiff got the note except the plaintiff himself. He swore that he received the note on a sale to the maker, Cozzens, through Livingston, of twenty-eight shares of the stock of the American Umbrella Frame Co., at $100 per share, the note being for $2,800; that a week afterwards he made Cozzens, through Livingston, a loan of $2,600 on the stock, retaining the stock as collateral; that when he sold the stock for the note he knew he was going to make a loan on the stock; that when Livingston applied first for a loan, he, plaintiff, told him he couldn't make a loan unless Cozzens purchased the twenty-eight shares of stock; that the stock was not to be delivered until the note was paid.

Although there was no direct usurious agreement in this transaction, the defendants were entitled to have the jury pass upon the question whether the whole transaction was not a de-

vice to cover up a usurious loan upon the note. The jury were to infer or deduce from the undisputed facts what the real intention of the parties and true object of the transaction were. The acts of the plaintiff and Livingston were, however, as consistent with a legal as with an illegal intent, and the jury found, as they might, that the transfer of the note to plaintiff was untainted with usury.

Exception was taken by defendants to the admission by the learned judge on the trial of the plaintiff's evidence as to his *intent* in the transactions. There being no evidence of a direct or express agreement for usury, and the acts of the plaintiff depending for their illegal effect upon the intention of the parties, it was proper to allow him to testify as to his intention. The jury were, of course, bound to look into the acts themselves for such intention, but his declaration that he did not intend by these transactions, if equivocal in their nature, to take usury, was properly allowed to go to the jury for what it was worth (*Cortland Co.* v. *Herkimer Co.* 44 N. Y. 22). The case is to be distinguished from those in which a usurious agreement is distinctly proved, and no testimony of the usurer as to his intention can alter the illegal effect of his acts (*Fiedler* v. *Darrin*, 50 N. Y. 437).

Exception was also taken by defendants to the charge of the judge on the subject of intention. The charge " that there must be a positive intention on the part of both parties to the transaction to do what the law forbade, to constitute a usurious agreement," was, of course, given to the jury with reference to this particular case, wherein there being no express agreement to take usury, the legality of the transaction *depended* on the intent. The charge " that the plaintiff must have corruptly exacted and the defendants corruptly agreed to pay more than seven per cent. to constitute usury," was proper when taken in connection with the explanation immediately made by the judge that the word " corrupt " is a word usually employed to characterize usury, which is an agreement to take that which the law forbids, a larger amount than seven per cent. per annum for the loan or forbearance of money. The jury could not have been misled by this instruction. Upon the whole charge the case was fairly submitted, and the first proposition laid down by the

court to the jury, "that if the jury believe that the note in question was given to the plaintiff as a consideration for the sale of twenty-eight shares of the stock of the American Umbrella Frame Co., it is a good and valid note," was not excepted to, and fairly presented the main question in controversy.

The defendant Mowry's objections to the demand and notice of non-payment are not well taken. He lived out of the State, but occasionally came to this city, and when he did he transacted any business he had to transact at the office of defendant Ryder in this city; made that office his headquarters when he came to town during the year 1866; used to go there and write, but had no desk there, and paid no rent; notice, in the usual form, of demand and non-payment of the note, and that the holders would look to the indorsers for payment, was deposited in the post office of this city, addressed to him at New York city, in due time, on May 15th, 1867; on the 16th Mowry was at defendant Cozzens' office in this city, and was called upon by plaintiff with the protested note, and admitted he had notice that it had not been paid. The notice to him was sufficient (L. 1857, c. 416, § 3). The note, being an inland bill, was properly presented for payment and payment demanded by the notary's clerk, and the notices of protest, demand, &c., with the notary's name printed at the bottom, were properly mailed to each indorser at the city of New York, by the same clerk. The clerk is to be regarded as authorized by the holder to do all these acts, because as clerk of the notary of the bank where the note was deposited for collection, he called for and got the note from the bank for the purpose, in the performance of his regular daily duty (*Cole* v. *Jessup*, 10 N. Y. 96; *Gawtry* v. *Doane*, 51 N. Y. 84).

The declarations of Livingston to Mowry were properly excluded, because it clearly appeared from the evidence that he was not the plaintiff's agent, but defendants'; and for that reason the writings subscribed by him were properly admitted.

The judgment should be affirmed.

ROBINSON and LARREMORE, JJ., concurred.

Judgment affirmed.