JOHN McCORMACK, Respondent, v. WOODWORTH N. PERRY, Appellant.

*What is not a sealed letter within section 642 of the Penal Code — the defendant, in an action for malicious prosecution, may testify that he was not prompted by ill-will or malice.*

Upon the trial of this action, brought to recover damages for a malicious prosecution of the plaintiff upon a charge made by the defendant that the plaintiff had opened a sealed letter willfully and without authority, contrary to the provisions of section 642 of the Penal Code, it appeared that the plaintiff indorsed a draft owned by him in blank and placed the same in an ordinary envelope, and after sealing it wrote on the face of the envelope the following words: " Captain McCormack (the plaintiff), take this to the First National Bank and bring me $400.00 and ½ doz. blank checks, and oblige W. N. Perry," and delivered it to another person, who, at his request, delivered it to plaintiff on board the steamboat, who, on reading the directions on the envelope, took out the draft and in the presence of others read it and then replaced it and put the envelope in his pocket.

*Held,* that the plaintiff was not guilty of the offense of violating either of the provisions of section 642 of the Penal Code, as charged by the defendant.

That the package opened by the plaintiff was not, within the sense and meaning of the statute, a sealed letter.

The defendant, who was examined as a witness in his own behalf, and testified that he believed, when making the charge, that there was probable cause for the prosecution and arrest of the plaintiff, was asked, but not allowed to answer, this question : " Were you actuated by malice in instituting these proceedings ? "

*Held,* that, by the rules of evidence, as now established in this State, the defendant was competent to testify whether or not he was prompted, by ill-will and malice, to prosecute the plaintiff on the charges made against him, and that he should have been permitted to answer the question.

*Lawyer* v. *Loomis* (3 T. & C., 396) overruled.

Appeal from a judgment, entered upon a verdict for $200 rendered at the Ontario Circuit, and from an order founded on the judge's minutes denying the defendant's motion for a new trial.

This action was brought for malicious prosecution. The defendant made complaint before a committing magistrate, charging that the plaintiff had opened a sealed letter willfully and without authority, contrary to the provisions of section 642 of the Penal Code. The facts and circumstances upon which the defendant relied for the purpose of sustaining the charge are substantially as follows: The plaintiff was at a place near Canandaigua lake at the time the

alleged offense was committed, and the defendant was the captain of a steamboat which ran to and from the village of Canandaigua. The defendant was the owner of a draft drawn by a western bank upon a New York city bank for the sum of $850, payable to his own order, which he indorsed in blank and placed in an ordinary envelope and sealed the same. On the face of the envelope he wrote as follows: "Captain McCormack, take this to the First Nat. Bank and bring me $400, and ½ doz. blank checks, and oblige, W. N. Perry." He delivered the envelope, thus addressed, to another person, who, at his request, delivered it to Captain McCormack on board the steamboat, who, on reading the directions upon the envelope, took out the draft and, in the presence of others, read it, and then replaced it in the envelope and put the same in his pocket. On reaching the village of Canandaigua he went to the bank and delivered the envelope and draft, received the $400 and checks mentioned in the directions and delivered them to the defendant.

*John Gillette*, for the appellant.

*Wynkoop & Rice*, for the respondent.

BARKER, J.:

On the trial it was held, as matter of law, that the plaintiff was not guilty of the offense of violating either of the provisions of section 642 of the Penal Code, as charged by the defendant in the criminal proceedings initiated by him before the committing magistrate. To this the defendant excepted. This ruling must have influenced the jury in reaching the conclusion that the defendant did not have probable cause for believing that the plaintiff was guilty of the offense charged in the criminal proceedings. The facts upon which the ruling was made were undisputed, and the question became one of law for the court to determine. It seems very plain that the package opened by the plaintiff was not, within the sense and meaning of the statute, a sealed letter. The only writing was on the outside of the sealed envelope, and the contents of the same were in the nature of instructions from the defendant to the plaintiff directing him what to do with the contents of the envelope. If the writing may be regarded as instruc-

tions from the defendant to the bank, with the intention that it should follow the same, in the use to be made by it of the draft, then it was an open and unsealed letter and does not come within either the letter or spirit of the statute. Independent of the writing, the sealed envelope was nothing but a package containing a valuable piece of property. The case is quite the same as if the writing had been on a card attached to a pocketbook containing bank bills, or to a bag containing coin or bullion. The ruling was correct, and this exception is overruled.

At the close of all the evidence the defendant asked the court to grant a nonsuit upon the ground that the plaintiff had failed to make out a cause of action, and that the evidence showed that the defendant had probable cause for instituting the criminal proceedings, which was denied and the defendant excepted. Without referring to the character of the same, we think there was sufficient evidence to support the conclusion that the defendant acted without probable cause and was prompted by malicious motive in making the accusation.

The defendant was a witness in his own behalf and admitted that he made the charges and caused the plaintiff to be arrested on the charge mentioned. He also testified that he believed there was probable cause for the prosecution and arrest of the plaintiff. He was then asked this question: "Were you actuated by malice in instituting these proceedings?" This was objected to by the plaintiff, without stating the grounds upon which the objection was made, and the objection was sustained and the defendant excepted. To maintain an action for malicious prosecution two facts, if contro. verted, must be established by the evidence produced by the plaintiff. First. The want of probable cause. Second. That the defendant was actuated by malicious motives in instituting the proceedings. The first question may be fully established by evidence and the question of malice may not be supported to the satisfaction of the jury, and in such a case the defendant would be entitled to a verdict. Malice, in fact, is that kind of malice which must be proved and this question in actions of this nature may be and very often is made the turning point in the case. If the whole evidence is such that a jury cannot doubt the honesty and purity of the defendant's motive in instituting the proceedings, and if they also believe from

all the evidence that he acted from good motives and with a sincere conviction that the plaintiff was guilty of the offense charged, and without malice, then the defendant is entitled to the verdict. The jury may be satisfied from the evidence that the defendant acted without having good cause to believe the plaintiff guilty, and that he acted in instituting the proceedings from malicious motives, but the law does not infer malice because there was a failure to show probable cause. Upon the issue of malice the law does not indulge in any inferences or presumptions, but requires the party holding the affirmative on that issue, to make proof in support of the same as on other questions of fact. If the jury are not satisfied, from the evidence which shows that probable cause did not exist, that the defendant was guilty of malice, then they have a right to demand of the plaintiff further proof on that issue before they are called upon to render a verdict in his favor. The leading authorities are all one way. A few are cited. (*McKown* v. *Hunter*, 30 N. Y., 625; *Bulkeley* v. *Smith*, 2 Duer, 261; *Vanderbilt* v. *Mathis*, 5 id., 304; *Stewart* v. *Sonneborn*, 98 U. S. R., 187.)

Upon the question of malice we think, by the rules of evidence as now established in this State, the defendant was competent to testify whether or not he was prompted by ill-will and malice to prosecute the plaintiff on the charges made against him. The general rule, as formulated by the courts, is this: If an act is, in and of itself, illegal, the offender's intent is immaterial; but if its character depends upon the intent with which it is done, then proof of the intent by the person who did the act in question is admissible. The rule as applied in a few of the reported cases will readily show that the evidence of the defendant was erroneously excluded. *McKown* v. *Hunter* (30 N. Y., 625) was an action for malicious prosecution, and the court excluded the offer of the defendant's own evidence; that he believed when he made the charge that the plaintiff was guilty of the offense imputed to him in the criminal proceedings, and it was held that the evidence should have been received as competent upon the issue of malice.

In *Cortland County* v. *Herkimer County* (44 N. Y., 22) the action was to charge the defendant with the expense of the care and support of a pauper who had been removed from Herkimer to Cortland county, in violation of the provisions of the statute. To enable

the plaintiff to recover in that case, it was necessary that the plaintiff should make it appear that the removal was made with the intent to charge it with the support of such pauper. One Stimson, who had been accessory to the removal was called as a witness, and the defendant asked him the following question: "Did you send Bloodgood (the pauper), from the county of Herkimer in good faith?" And he answered the question in the affirmative, and a verdict was rendered in favor of the defendant, and it was held that the question and answer were both competent upon the question of intent.

*Bennett* v. *Smith* (23 Hun, 50), was an action to recover damages for the publication of a paper alleged to be libelous. The defendant, as a witness in his own behalf, was asked the question: "Why did you write the article?" This was objected to as calling for the defendant's intent or motive in doing the act complained of, and the objection was sustained and the verdict was for the plaintiff. The court in granting a new trial held, that the defendant should have been permitted to answer the question with a view of mitigating as bearing on the question of exemplary damages, which the plaintiff claimed and had given some evidence justifying the jury in awarding damages of that character in addition to the plaintiff's actual damage, to which the plaintiff was entitled as a matter of law. (*Seymour* v. *Wilson*, 14 N. Y., 567; *Fiedler* v. *Darrin*, 50 id., 437; *People* v. *Baker*, 96 id., 340.) In the case now here the jury were instructed, if they believed that the defendant in instituting the criminal proceedings, was moved by actual malice without reasonable grounds to believe that a crime had been committed, and with the intent to injure the plaintiff, they were at liberty to add exemplary damages to the plaintiff's actual damages.

We are cited to the case of *Lawyer* v. *Loomis* (3 T. & C., 396), as an authority in support of the ruling excluding the evidence. There the court did say that malice may be inferred from the absence of probable cause; and that when the jury find the absence of probable cause, malice or malicious intent is established, and that proof of want of malice is immaterial in cases where want of probable cause is found; but stated, in connection with the expression of these views, that it was not necessary to consider whether the question of malice would be admissible in a case where the

plaintiff gave evidence tending to prove express malice. So far as that case expresses the opinion, or holds, that in an action for malicious prosecution the law infers malice on the part of the defendant when the want of probable cause is established, it is contrary to the cases which we have cited; and I am unable to find any authority which supports the views as expressed by the learned judge who prepared the opinion in that case.

The judgment and order should be reversed, new trial granted, with costs to abide the event.

HAIGHT and BRADLEY, JJ., concurred.

Judgment reversed and new trial ordered, costs to abide event.