ELIZABETH A. CLAPPER, Respondent, v. THE TOWN OF
WATERFORD, Appellant.

Under the provision of the statute of 1881 (Chap. 700, Laws of 1881) mak-
ing towns liable in certain cases for damages caused by defective high-
ways and bridges, a town is not liable unless upon the same facts its
commissioner of highways would have been liable before the passage of
the act; and so is not liable unless negligence on the part of the com-
missioner is shown.

Where, therefore, in an action against a town it appeared that the com-
missioner of highways had no funds in his hands to make repairs or
power to raise such funds, held, that the town was not liable, and this,
although it appeared that the supervisor of the town had funds in his
hands applicable to that purpose, but had not paid them over to the
commissioner who had demanded them, in the absence of evidence tend-
ing to show negligence on the part of the commissioner in instituting
some proper proceedings to compel payment to him.

In an action against a town to recover damages for injuries received by
plaintiff, caused by stepping through a hole four or five inches wide and
ten or twelve inches long in a plank walk or bridge crossing a gutter, it
appeared that the side and crosswalks were built by the property owners
on each side of the highway, under authority of the then existing
statutes. (Chap. 61, Laws of 1860; chap. 93, Laws of 1863; chap. 233,
Laws of 1881.) It was conceded that the road-bed was in good condition.
Held, that the commissioner's failure to discover the defect in the bridge
did not establish negligence.

Plaintiff was permitted, for the alleged purpose of showing that defend-
ant's highway commissioner had funds with which to repair the cross-
walk, to prove under objection and exception that said commissioner was
seen repairing it several days after the accident. Held, error; that
whether defendant was negligent was to be decided upon the facts as
they existed at the time of the injury.

Defendant's counsel requested the court to charge the jury that they might
find from the evidence that the highway commissioner had used reason-
able diligence in obtaining funds by demanding them from the super-
visor and not obtaining them, the town was not liable for a failure
to repair the walk if it was out of repair. This request was refused.
Held, error.

Clapper v. Town of Waterford (62 Hun, 170), reversed.

(Argued February 8, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an order

made September 24, 1891, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages received by plaintiff, caused by her stepping into a hole in a crosswalk or bridge in one of defendant's highways.

The facts, so far as material, are stated in the opinion.

*J. W. Houghton* for appellant. The gutter bridge in question was not within the duty of the highway commissioners to maintain or keep in repair. (Laws of 1832, chap. 274, § 1; Laws of 1860, chap. 61; *Ireland* v. *O., H. & S. P. R. Co.*, 13 N. Y. 531; *Howard* v. *North Bridgewater*, 16 Pick. 189; *Brown* v. *Skowhegan*, 82 Me. 273, 276–278; *Gould* v. *Booth*, 66 N. Y. 62, 64; *Acker* v. *Town of Newcastle*, 48 Hun, 312; *Stone* v. *City of Troy*, 21 N. Y. S. R. 639; *Cusick* v. *Adams*, 115 N. Y. 59; *Carpenter* v. *City of Cohoes*, 81 id. 21; *Veeder* v. *Vil. of Little Falls*, 100 id. 343; *Bishop* v. *Barton*, 2 Hun, 436; *Herrington* v. *Vil. of Corning*, 51 Barb. 396; *Philbrick* v. *Pittston*, 63 Me. 477; *Dygert* v. *Schenck*, 23 Wend. 446; *Heller* v. *Sharon Springs*, 28 Hun, 344; *Requa* v. *Rochester*, 45 N. Y. 134; *Hubbell* v. *City of Yonkers*, 104 N. Y. 434; *Monongahela* v. *Fisher*, 111 Penn. St. 13.) The court, under objection that the same condition as at the time of the accident was not shown to exist, allowed the plaintiff to describe the hole as she saw it next morning. The evidence was incompetent, unless it was affirmatively shown to have been in the same condition as at the time of the accident. (*Collins* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 243, 250; *Burns* v. *City of Schenectady*, 24 Hun, 10; *Stodder* v. *N. Y., L. E. & W. R. R. Co.*, 50 id. 225.) The court erred in permitting evidence of repairs by Quackenbush, one of the commissioners, subsequent to the accident. (*Cortland County* v. *Herkimer County*, 44 N. Y. 22, 24; *Lauby* v. *H. R. R. R. Co.*, 17 id. 131, 133; *Corcoran* v. *Vil. of Peekskill*, 108 N. Y. 151; *Salters* v. *D. & H. C. Co.*, 3 Hun, 338; *Payne* v. *T. & B. R. R. Co.*, 9 id. 526.) The defendant was in no way

responsible for the mud in the proper road-bed, and it was error to allow proof of it and rainy weather. (*Silberstein* v. *H., etc., R. R. Co.*, 117 N. Y. 293.) The admission of the evidence of failure to call for funds at town meeting of 1889, and the refusal to strike out same, was clearly error. (*Lamont* v. *Haight*, 44 How. Pr. 1.) If private persons had the right to build sidewalks which, under the Laws of 1860, chapter 61, Laws of 1863, chapter 93, Laws of 1881, chapter 233, is unquestioned, and if the commissioners were not bound to keep them in repair because it was not a part of their statutory duties, which also seems clear, the commissioners having judicially determined not to build sidewalks in the town, nor assume control over the building of them, defendant was, therefore, not liable if the jury found it was a sidewalk. (*Urquhart* v. *City of Ogdensburgh*, 91 N. Y. 67; *Carpenter* v. *City of Cohoes*, 81 id. 21; *Veeder* v. *Vil. of Little Falls*, 100 id. 343; *Bishop* v. *Barton*, 2 Hun, 436.) The court had no right to charge the jury that if the commissioners did not exercise ordinary care, it is culpable negligence. (*Hunt* v. *Mayor, etc.*, 109 N. Y. 141.) The court clearly erred in refusing to charge: "That if the jury find that plaintiff, to avoid the mud of the road-bed, voluntarily went over a portion of the highway, which the commissioners were not bound to keep in repair, she did so at her peril, and defendant is not liable," and this error is alone sufficient to reverse the judgment. (*Paulitsch* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 280; *Blake* v. *Newfield*, 68 Me. 153, 365; *Jewhurst* v. *City of Syracuse*, 108 N. Y. 311; *Tisdale* v. *Norton*, 8 Metc. 388; *Smith* v. *Wendell*, 7 Cush. 498.)

*P. D. Niver* for respondent. The defendant was liable. (*Biddleman* v. *State*, 110 N. Y. 235.) It was the duty of the commissioners and of defendant to see that the road was kept in a reasonably safe and secure condition. (*Farman* v. *Ellington*, 46 Hun, 45–47; *Embler* v. *Walkill*, 32 N. Y. S. R. 700; *Ivory* v. *Town of Deerpark*, 116 N. Y. 482; *Maxim* v. *Champion*, 50 Hun, 92, 100; *Hunt* v. *Mayor, etc.*, 109 N. Y.

541.) Commissioners of highways have power and it is their duty to keep every portion of the public highway used by the public for travel, to its entire width, in a reasonably safe condition. (*Anderson* v. *Van Tassel*, 53 N. Y. 631; *Whitney* v. *Vil. of Ticonderoga*, 53 Hun, 216.) The hole was a defect in the crosswalk, a portion of the highway over which the public traveled. (*Woodman* v. *Nottingham*, 49 N. H. 387; *Whitney* v. *Vil. of Ticonderoga*, 53 Hun, 215; *Embler* v. *Walkill*, 32 N. Y. S. R. 700; *Morgan* v. *Hutchings*, 6 T. Rep. 219.) The fact that the hole was allowed to remain in the crosswalk for a long time was sufficient to justify the jury in finding that the commissioners knew or should have known of the danger from it. (*Ivory* v. *Town of Deerpark*, 116 N. Y. 476, 483; *Farman* v. *Ellington*, 46 Hun, 45; *Bidwell* v. *Murray*, 40 id. 192; *Requa* v. *City of Rochester*, 45 N. Y. 130; *Schroth* v. *Prescott*, 68 Wis. 678; 32 N. W. Rep. 621; 63 Wis. 652, 655.) Defendant was liable because, or at least it was a fair question for the jury, whether the crosswalk was a portion of the highway traveled by the public, notwithstanding it may have been originally laid by adjoining owners as a convenient way to keep out of mud on alighting from the middle of the highway, or getting from the middle of the street across the gutter or water on the side, to the sidewalk (53 N. Y. 631), which was also a part of the highway. (*Heller* v. *Vil. of Sharon Springs*, 28 Hun, 344; *Sewell* v. *City of Cohoes*, 75 N. Y. 45; *Shomer* v. *City of Rochester*, 15 Abb. [N. C.] 57; 32 Hun, 421; *Salisbury* v. *City of Ithaca*, 94 N. Y. 27; *Brusso* v. *City of Buffalo*, 90 id. 679, 681; *Nelson* v. *Vil. of Canisteo*, 100 id. 93; *Manchester* v. *Ericsson*, 105 U. S. 347; *Cartright* v. *Town of Belmont*, 58 Wis. 370, 373; *Drew* v. *Sutton*, 55 Vt. 586; *Veole* v. *City of Boston*, 135 Mass. 187; *Atlanta* v. *Champe*, 66 Ga. 659.) The fact that the crosswalk on which plaintiff was injured had been used for many years by the public desiring to do so as a part of the highway for the purposes of traveling over it to the sidewalk, was sufficient to authorize the jury to find it was a part of the public highway for which the town was liable for injuries sus-

tained by plaintiff in consequence of the negligence of the highway commissioners in failing to keep it in suitable condition and repair. (*Kunz* v. *City of Troy*, 104 N. Y. 344, 347–350; *Weed* v. *Vil. of Ballston*, 76 id. 330, 336; *Pomfrey* v. *Vil. of Saratoga Springs*, 104 id. 459, 465–468; Elliott on Roads & Streets, 460, 461; *Urquhart* v. *City of Ogdensburgh*, 97 N. Y. 238; *Maxim* v. *Champion*, 50 Hun, 98.) There was no error in allowing plaintiff to prove solely on the question as to control of the crosswalk by the commissioners, and on the question of their having funds to repair the defect, that five or six days after the injury one of the commissioners repaired it. (*Morrill* v. *Peck*, 88 N. Y. 401; *Bateman* v. *N. Y. C. R. R. Co.*, 27 Hun, 429; *Getty* v. *Hamlin*, 28 N. Y. S. R. 277; *Readman* v. *Conway*, 126 Mass. 374; *Bidwell* v. *Murray*, 40 Hun, 191, 196.) It was not necessary to show beyond peradventure the commissioners of highways had funds with which to put in a new plank. (*Pomfrey* v. *Vil. of Saratoga Springs*, 104 N. Y. 466; *Weed* v. *Vil. of Ballston*, 76 id. 374–376; *Bidwell* v. *Murray*, 40 Hun, 196; *Ivory* v. *Town of Deerpark*, 116 N. Y. 476, 484; *Farman* v. *Ellington*, 46 Hun, 45–47; *Bryant* v. *Randolph*, 24 N. Y. S. R. 830; *Kavanaugh* v. *Wilson*, 70 N. Y. 177; *Gildersleeve* v. *Landon*, 73 id. 600.) The statute required defendant to keep the highway in reasonably proper condition. Under it defendant was liable whether its commissioners had proper funds or not. (*Bryant* v. *Randolph*, 24 N. Y. S. R. 830; *Getty* v. *Hamlin*, 28 id. 277.) It was a question of fact whether plaintiff was at the time of the accident guilty of any contributory negligence. (*Whitney* v. *Vil. of Ticonderoga*, 37 N. Y. S. R. 136; 53 Hun, 215; *Bidwell* v. *Murray*, 40 id. 190, 195; *Holcomb* v. *Champion*, 36 N. Y. S. R. 759; *Brusso* v. *City of Buffalo*, 90 N. Y. 679, 680; *McGuire* v. *Spence*, 91 id. 303, 305; *Weed* v. *Vil. of Ballston*, 76 id. 329, 333.) Evidence of plaintiff's pain from the injury at any time was competent. (3 Sedg. on Dam. [8th ed.] §§ 1261, 1270, 1280; *Jutte* v. *Hughes*, 67 N. Y. 267, 271; *Laraway* v. *Berkins*, 10 id. 371, 374; *Grumb* v. *Twenty-third*, 114 id. 114; *Curtis* v. *City of*

*Rochester*, 18 id. 534, 542; *Swarthout* v. *New Jersey*, 46
Barb. 222, 226; *Rickert* v. *Snyder*, 9 Wend. 423; 1 Suth. on
Dam. 765; *Hart* v. *Evans*, 8 Penn. St. 13, 21; *Stevens* v.
*Lyfore*, 7 N. H. 360, 365, 366; *Hutchinson* v. *Granger*, 13
Vt. 394.) Natural pain, suffering and results from the injury
being so provable it was immaterial how long after the
injury it continued to exist or when it ceased. (*Bateman* v.
*N. Y. C. & H. R. R. R. Co.*, 47 Hun, 432, 492; *Griswold*
v. *N. Y. C. & H. R. R. R. Co.*, 115 N. Y. 61, 63, 64; 44
Hun, 236; *Feeney* v. *L. I. R. R. Co.*, 116 N. Y. 376, 382;
*McClane* v. *B. C. R. R. Co.*, Id. 460, 467, 468.

O'BRIEN, J.   The plaintiff recovered damages for an injury
received by her from stepping into a hole in a crosswalk or
foot bridge in one of the public highways of the town, known
as Saratoga avenue, on the 31st of July, 1889.   This highway,
running north and south, was sixty-six feet wide.   It has curb
lines and sidewalks on both sides.   The space between the
curbstones is forty feet.   On each side of this rounded road-
bed there is a gutter extending from the traveled part of the
road to the curb line, some six or eight feet in width, which
serves to carry off the water from the road.   At the point
where the accident happened there were residences on both
sides of the road, and the neighborhood was quite populous
and the highway was traversed by an electric street railway.
Some ten or fifteen years before the accident the residents and
property owners on both sides of the road constructed side-
walks, and in connection therewith a stone crosswalk across
the road-bed.   This crosswalk was extended on both sides of
the road across the gutters to the curb line by means of a plank
bridge or walk about four feet wide, and leaving a space
between the plank and the deepest part of the gutter of about
twelve inches.   On the evening of the accident the plaintiff
got off a street car at the crosswalk, and desiring to go to her
brother's house, a short distance farther on the line of the
street, and finding the road-bed muddy she followed the cross-
walk leading to the sidewalk on the side of the road, and

while crossing the plank portion of the crosswalk over the gutter she stepped into a hole in the plank and sprained her ankle.    The property owners and residents built the side and crosswalks under the authority of statutes then existing.    (Laws 1860, ch. 61; Laws 1863, ch. 93; Laws 1881, ch. 233.)    The commissioner of highways had no actual notice of the defect in the walk, so far as appears by the evidence.    The hole is described by the witnesses as oblong, running lengthwise between two planks.    The largest estimate of any witness makes it from four to five inches wide by ten to twelve inches in length.    It is difficult to discover from the proofs in the case any ground upon which the jury could have found that the town or its officers were guilty of any negligence in respect to this highway.    It is admitted that the road-bed, which is the part of a country highway ordinarily required to be kept in a suitable and safe condition for the traveling public, was in good order, and unless the commissioner was negligent in failing to discover so slight a defect in the plank walk across a gutter on the side of the highway, built by the people who owned property on both sides of the road, there is no ground upon which the verdict in the plaintiff's favor can stand.

But if it be assumed that there was some evidence in the case for the consideration of the jury bearing upon the question of the negligence of the defendant in failing, through its proper officer, to discover the hole in this plank walk across the gutter on the side of the road and to repair the same, there were errors committed at the trial prejudicial to the defendant, and which necessitate a reversal of the judgment.    By chapter 700 of the Laws of 1881 the towns of this state were made liable for damages to any person suffering the same by reason of defective highways or bridges in such town, in those cases only where the commissioner of highways was liable at the time of the passage of that act.    The defendant is not liable in this case unless upon the same facts the commissioner of highways would have been liable prior to the passage of the statute.    It was always a defense to an action for damages against a commissioner of highways for injuries sustained in conse-

quence of a defective highway to show that he was without the necessary funds to make the repairs and without the power to raise such funds. (*Barker* v. *Loomis*, 6 Hill, 463; *People ex rel.* v. *Board Supervisors*, 93 N. Y. 397; *Hover* v. *Barkhoof*, 44 id. 113; *Hines* v. *City of Lockport*, 50 id. 236; *Monk* v. *Town of New Utrecht*, 104 id. 552.) The act of 1881 has not changed the powers or duties of the commissioner of highways. He still has charge of the roads and bridges in the town, and it is his duty to keep them in repair. The town is liable only when negligence on the part of the commissioner is shown, and he is not guilty of negligence in omitting to make repairs when he has no funds in his hands. It was shown in this case that the commissioner had no funds in his hands with which to defray the expense of any repairs to roads or bridges. It was shown that the supervisor had funds in his hands applicable to such purpose, but had not paid them over to the commissioner of highways, though the latter had demanded them. The commissioner could, no doubt, have required the supervisor to pay over the fund raised by the town to him for the repair of highways and bridges, but until the money was paid to the commissioner the only neglect that he could be charged with would be a failure to demand it or to institute some proper proceeding to compel its payment to him, and it is not shown that the commissioner was guilty of any negligence in that respect.

On the trial the plaintiff was permitted to prove, against the defendant's objection and exception, that the commissioner of highways of the town was seen repairing the walk several days subsequent to the accident. It was stated by the plaintiff's counsel that this evidence was offered only for the purpose of showing the highway commissioner exercised control over the walk where the accident occurred, and that he had funds in his hands at the time of the accident to repair it, and the evidence was received for this purpose. When actions of this character were brought against the commissioner of highways personally, before the statute, it is possible that such testimony might have been held competent (*Monell* v. *Peck*, 88

N. Y. 398); but now the action is against the town, and it is difficult to see how the acts of the commissioner subsequent to the accident can be admitted in such an action as proof to bind the town for any purpose. It has frequently been held that the declarations or admissions of a public officer cannot be given in evidence to bind a municipal corporation of which he is the agent, unless they are part of the *res gestæ.* (*Cortland County* v. *Herkimer County*, 44 N. Y. 22; *Luby* v. *H. R. R. R. Co.*, 17 id. 131; *Hamilton* v. *N. Y. C. R. R. Co.*, 51 id. 100, 295.) And if his declarations cannot be admitted, the same principle would exclude his acts subsequent to the event in controversy. Moreover there was no question in the case as to the control or authority of the commissioner over the whole highway between the fences, the only question in this respect was whether he exercised proper diligence and care, and proof that the commissioner was seen repairing this walk a week or more after the accident did not tend to prove that he had funds in his hands with which to make the repairs before the plaintiff was injured. Upon whatever pretence such evidence is put into the case it is generally used to mislead the jury. It is sometimes accepted by them as an admission of negligence, and its natural tendency is undoubtedly to influence them in that direction. Whether the defendant was negligent was a question to be decided upon the facts as they existed at the time of the injury, and anything that was done by the commissioner afterwards could have no legitimate bearing on that question, and since this action now lies against the town such testimony should be excluded. (*Corcoran* v. *Village of Peekskill*, 108 N. Y. 151.)

The defendant's counsel requested the court to instruct the jury in substance that they might find from the evidence that the commissioner had used reasonable diligence in obtaining funds by demanding them from the supervisor, and not obtaining them from him they were not liable for a failure under such circumstances to repair the walk if it was out of repair. The court declined to so charge and the defendant excepted. The court should have submitted to the jury the

question whether under all the circumstances the commissioner performed his full duty in obtaining funds for the repair of roads and bridges by requesting the supervisor to pay over to him the highway fund in his hands, and as the request fairly embodied this proposition we think it should have been charged. There are some other questions in the case, but as a new trial must be granted for the reasons stated, it is unnecessary to consider them.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.