HIRAM TRUESDELL, Plaintiff, *v.* CHARLES H. CHUMAR, Defendant.

*Manufacturing corporation — liability of a stockholder for debts to laborers — action by an assignee of a laborer's judgment — evidence as to the employment — declarations of an officer not part of the res gestæ — judgment against the corporation not evidence against the stockholder.*

In an action brought, by the assignee of an unsatisfied judgment against a corporation organized under the Manufacturing Corporations Act of 1848 (Chap. 40), to recover from a stockholder the amount thereof under section 18 of that act, on the ground that the money was due the plaintiff's assignor as a laborer for the corporation, evidence was offered by the plaintiff of declarations, made by a person who it was claimed acted as president of the corporation, in a conversation with the plaintiff's assignor after he had ceased to work for the corporation, in order to show the nature of his assignor's employment and the amount due him.

*Held,* that the declarations were not competent unless shown to have been part of the *res gestæ* in a transaction in which the alleged officer of the corporation was legitimately acting as its representative as, *e. g.*, in an accounting or by way of adjustment or settlement.

In such an action against a stockholder, by the assignee of a judgment against the corporation, the judgment is of itself no evidence of the alleged indebtedness of the corporation to the person by whom the judgment was recovered.

MOTION by the defendant, Charles H. Chumar, for a new trial on exceptions taken at the Wyoming Circuit and ordered on the 26th day of April, 1893, to be heard at General Term in the first instance.

The action was brought against the defendant as a stockholder in the Eldridge Salt Company, a corporation created pursuant to chapter 40 of the Laws of 1848, authorizing the formation of corporations for manufacturing, mining, mechanical or chemical purposes, and the acts amendatory thereof. The complaint charges that one Andrew Johnson, having performed services as a laborer for the corporation, and not having been paid therefor, commenced an action against the corporation, and on April 26, 1892, recovered judgment against it for $355.03 for the value of such services; that execution thereon was returned unsatisfied; that the company is insolvent; that the defendant is a stockholder to an amount exceeding such claim; that the whole amount of stock has not been paid in, and that the judgment has been assigned to the plaintiff, who is the owner of it.

Verdict was directed for the plaintiff.

*J. L. Woodworth* and *I. Sam Johnson*, for the plaintiff.

*Charles N. Morgan*, for the defendant.

BRADLEY, J. :

The complaint alleges the elements of two grounds of liability of the defendant. The one, the non-payment in full of the amount of the capital stock of the corporation as required by the statute (Laws 1848, chap. 40, § 10) ; and the other, that the money was due to the plaintiff's assignor for his services as laborer for the corporation. (Id. § 18.) The defendant, by his answer, put in issue both alleged propositions ; and the plaintiff proceeded at the trial with the view to recovery upon the latter ground. The defendant was a stockholder of the company to an amount exceeding the plaintiff's alleged claim. The plaintiff was the assignee of a judgment which had been recovered by Andrew Johnson against the company, and execution thereon had been returned wholly unsatisfied. The question, therefore, was whether or not the company was indebted to Johnson for services rendered by him as a laborer within the meaning of the statute, and such is the claim upon which the judgment was recovered by him. And upon that subject a witness on the part of the plaintiff testified that he knew Johnson ; that about the time the action was commenced by Johnson against the salt company he saw Daniel Eldridge and Johnson together ; that Eldridge was then acting as president of the company, and that he heard a conversation between them in reference to the claim. He was then asked to state what it was. Objection was made to it " as incompetent to prove any issue or any fact raised by the pleadings." " By the court: You seek to show that Mr. Eldridge, acting as president, admitted to Mr. Johnson that he had employed him, and that that claim was owing to him by reason of that employment? By plaintiff's counsel: " Yes, sir ; and that they looked over and made an accounting, and stated the amount between employer and employee. Now, it is to show that amount, and to show the nature of the employment, that I offer this evidence. We propose to show what this contract was." The objection was overruled and exception taken. The witness testified that Johnson was in the witness' office, and when Eldridge came in, said

to him: "You owe me $230, you agreed to pay me $4 a day, and I have worked there seventy days, and you have only paid me $50, and there is $230 due;" that Eldridge replied, "I know I agreed to pay you $4 a day and I only paid you $50, and if you had done as you agreed it would have been that amount." This interview was sometime after Johnson had ceased to work for the company, and the conversation merely as such between him and Eldridge was not competent evidence against the defendant. Nor is it seen that what was said of the purpose of the evidence before the ruling was made by the court tended to show that it was part of the *res gestæ* in a transaction between those persons in which Eldridge, as president of the company, was legitimately acting as its representative. The offer, as a whole, did not purport to make the conversation a part of any transaction in the business of the company, nor did the evidence given tend to make it so. The exception was well taken. (*Thallhimer* v. *Brinckerhoff*, 4 Wend. 394; *Cortland Co.* v. *Herkimer Co.*, 44 N. Y. 22; *Anderson* v. *R., W. & O. R. R. Co.*, 54 id. 334.) The objection to the conversation remained, and after the ruling no inquiry was made whether they were engaged in any act of accounting or by way of adjustment or settlement, but the question was repeated, what was the conversation? And the answer to it closed the examination of the witness on the part of the plaintiff. In *Hoag* v. *Lamont* (16 Abb. [N. S.] 91; 60 N. Y. 96) the declarations proved, of the officer of the corporation, had relation to the contract out of which the liability in question there arose, were made at the time it was entered into, and constituted part of the transaction of making it.

The judgment recovered by Johnson against the salt company was, of itself, no evidence as against the defendant of the alleged indebtedness of the company to him. (*Miller* v. *White*, 50 N. Y. 137.)

For the error before mentioned in the reception of evidence, the motion for a new trial should be granted, costs to abide the event.

All concurred.

Defendant's motion for a new trial granted, with costs to abide the event.