### LEWIS v. GLEASON et al.

(Supreme Court, Appellate Term. May 24, 1910.)

MUNICIPAL CORPORATIONS (§ 818*) — DEFECTIVE SIDEWALK — ACTION — EVIDENCE—SUBSEQUENT CONDITION OF PREMISES.

In an action for negligence in maintaining a defective coal hole in front of his premises, defendant's negligence should have been decided on the facts existing at the time of the accident, and it was reversible error to admit evidence of the condition of the hole 30 days

after the accident in question, and that he had then caused it to be repaired.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1733; Dec. Dig. § 818.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Frederick Lewis against Edward Gleason and another. From a judgment for plaintiff, defendant Gleason appeals. Reversed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Harry S. Austin, for appellant.

Maurice B. & Daniel W. Blumenthal, for respondent. '

SEABURY, J. This action was brought to recover damages for loss of services occasioned through injuries which the plaintiff's wife sustained through the alleged negligence of the defendant in maintaining a defective coal hole in front of premises owned by the defendant.

As tending to establish the defendant's negligence the court below admitted evidence of the condition of the coal hole 30 days after the accident, and that the defendant then caused it to be repaired. This evidence was received over the objection and exception of the defendant, and constituted prejudicial error. Whether the defendant was negligent was a question which should have been decided upon the facts as they existed at the time of the accident. Clapper v. Town of Waterford, 131 N. Y. 382, 30 N. E. 240.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.