ADALINE R. EDINGTON, Executrix, etc., et al., Appellants, *v.* THE ÆTNA LIFE INSURANCE COMPANY, Respondent.

In two applications for policies of insurance upon the life of D., in answer to questions as to whether any other application for insurance had been made by the applicant, and if so with what result, the answer was " Yes, and always successful," and " Yes, accepted." By the policies the answers were made part of the contract, and if false, invalidated the same. In an action upon the policies, defendant proved that prior to the applications in question D. applied for a policy to the agent of another company, authorized to receive it, his application was submitted to a medical examiner of the company, who had attended upon D. professionally ; he declined to pass him, on the ground that he was not insurable. Of this fact D. was advised by the agent. *Held*, that the delivery of the application to the agent constituted and completed the application for insurance; and, as there had been an unsuccessful application, the answers were false and vitiated the policies.

(Argued October 26, 1885 ; decided November 24, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the second Tuesday of June, 1883, which affirmed a judgment in favor of defendant, entered upon a verdict directed by the court, and affirmed an order denying a motion for a new trial.

This action was upon two policies of insurance issued by defendant, October 18, 1870, upon the life of Wilbur F. Diefendorf, and by him assigned to plaintiffs.

The case is reported on a former appeal in 77 N. Y. 564. By the terms of each policy the proposal, answers and statements in the application therefor are made part of the contract, and it is declared that " if they shall be found in any respect false or fraudulent, then the policy shall be null and void." A similar provision is also contained in each application. In each application is the following question : " Has any application been made to this or any other company for assurance on the life of the party ? If so, with what result ? " In one application the answer is, " Yes, and always successful." In the other, " Yes, accepted." It appeared on the trial, that in 1863,

Diefendorf applied for a policy to one Windsor, who was agent of another insurance company, and who was authorized to receive applications for insurance. Said agent gave to Diefendorf a blank application for a policy, which he filled up, signed and delivered to the agent, who handed it to the medical examiner of the company. Said examiner had previously attended Diefendorf professionally, and he stated to the agent that he could not pass the applicant, that he was not insurable, and an examination would be a farce. The agent communicated this conversation to Diefendorf, and he destroyed the application.

*F. O. Mason* for appellants. The information acquired by a physician while treating a patient, necessary to enable the witness to prescribe, he is forbidden by statute to disclose. (Code of Civ. Pro., § 834 ; *Grattan* v. *Met. L. Ins. Co.,* 80 N. Y. 281 ; *Edington* v. *Mut. L. Ins. Co.* ,67 id. 185 ; *Dilleber* v. *Home L. Ins. Co.,* 69 id. 256 ; *Cohn* v. *Cont. L. Ins. Co.,* id. 300 ; *Sloan* v. *N. Y. C. & H. R. R. R. Co.,* 45 id. 125 ; *Edington* v. *Ætna L. Ins. Co.,* 77 id. 569.) The bald declarations of Diefendorf made, so far as the case shows, after one or both policies were issued, testified to by Raplee, were erroneously excluded. (*Swift* v. *Mass. Mut. L. Ins. Co.,* 27 N. Y. 282 ; *Edington* v. *Mut. L. Ins. Co.,* 67 id. 185.) The court at General Term erred in holding that Diefendorf made an application for a policy of life insurance to the Mutual Benefit Life Insurance Company of New Jersey which was refused prior to the date of the policies in suit. (13 Hun, 554 ; *Edington* v. *Ætna L. Ins. Co.,* id. 543.) The omission to state matter not called for by any specific or general question would not be a concealment and would not affect the validity of the policy. (*Rawles* v. *Am. Mut. Ins. Co.,* 27 N. Y. 282 ; *Mallory* v. *Travellers' Ins. Co.,* 47 id. 52.)

*John Gillette, Jr.,* for respondent. A physician may give in evidence facts in regard to a patient not acquired or discovered while attending him in a professional capacity, or that were not

necessary to treat him. (Code, § 834; *Grattan* v. *Met. L. Ins. Co.*, 80 N. Y. 295; *Stainton* v. *Parker*, 19 Hun, 55; *Andrews* v. *Mills*, MS. of HARDIN, J.; *Crosby* v. *Day*, 81 N. Y. 242.) The court properly received the opinions of the medical witnesses as to the physical condition of the assured, as to whether he was at the time of the procuring of the insurance a healthy man, founded on either the knowledge of the witnesses of the assured, or from the facts testified to by other witnesses, none of the witnesses being disqualified by reason of having been at any time his attending physician. (77 N. Y. 566, 567; 1 Phillips' Ev. [4th ed.] 777–781; 1 Greenl. Ev., § 440.) The court properly allowed several of the witnesses of the defendant to give in evidence the statements made by Diefendorf to them as to his diseases, health and physical condition before the policies were issued. (*Swift* v. *Mass. Mut. Ins. Co.*, 63 N. Y. 186; *Edington* v. *Mut. L. Ins. Co.*, 67 id. 185.)

FINCH, J. The judgment in favor of the defendant has been affirmed by the General Term upon the ground that one defense pleaded was established without contradiction, and formed a complete bar to the plaintiffs' recovery. Upon a previous appeal to this court, and on the same state of facts as it respects the defense referred to, that result was reached, although a majority of the court placed their concurrence upon a different ground. (77 N. Y. 564.) Undoubtedly the appellants had the right to deem the question open in this court, and seek to convince us that the doctrine of the prevailing opinion was incorrect. But we are not convinced. Windsor was the agent of the Mutual Benefit Insurance Company, and as such agent was authorized to receive applications for insurance; he was furnished with blank forms, which, when filled out and signed by the applicant and delivered to the agent, constituted and completed the application for insurance. Every thing that followed the application was an element of its result. Such an application Diefendorf signed and delivered to the agent. When that was done he had made an application to the Mutual

Benefit Company, for insurance. No other act of his was needed. What the company through its officers and agents might do or omit to do with it constituted the result of the application, as to which a truthful answer was required. A false answer was given. The application was made and was not successful. If the truth had been told the present policy would never have been issued. The test is, not whether Windsor or the medical examiner had authority to finally reject the application. If they were utterly without authority to dispose of it, and so the company never acted upon it, at least there was an application to the company which was not successful and did not end in an accepted insurance. Our present consideration of the question leads us to an approval of the views expressed on the former appeal.

The judgment should be affirmed, with costs.

All concur, except DANFORTH, J., not sitting.

Judgment affirmed.