Daly, J.
The allegations of the complaint that the defendant was the owner of tho premises, ¡No. 9 Varick Place, in the city of ¡New York, which building was a tenement house, occupied by plaintiff and other tenants of defendant; that the building was negligently kept by defendant, inasmuch as tho stairs of the first hall were covered with zinc, or some other metal, which had become so worn that the edges became sharp, ragged and curled up, and defendant negligently permitted the same to remain so; and that plaintiff, lawfully using the stairs, and carefully passing down the same, and without any fault or negligence on her part, tripped upon said zinc, or other metal, and fell and broke her right hand and wrist, etc., states a good cause of action; tho statute, sec. 652 of the consolidation act, requiring, in respect of tenement houses, that all stairs shall be kept in good repair. The duty thus imposed by law upon tho landlord is for tho benefit of the tenants, so that they may have a safe passage from their apartments to the street, and a breach of the duty imposed by statute gives a right of action. Willy v. Mulledy, 78 N. Y., 311.
_ It was not necessary to plead the public statute; the motion to dismiss upon the complaint and opening, on the ground that there was no allegation of duty, or of facts showing duty, was properly denied.
The plaintiff testified that her fall was caused by her dress catching on something that was on the stairs, but she did not know whether it was the zinc or a nail, both of which were there; that the stairs were ragged, and the zinc, or whatever it was that covered the steps, had got turned up so that it would catch everything.
As it was in the dark, and late at night, when plaintiff fell, there was a sufficient reason for her not being able to state positively what caught her dress, but the condition of the zinc, or metal covering, was described with such accuracy, that the inference might fairly be drawn that that condition caused the accident. The defendant’s motion to -dismiss on the ground that there was no evidence of what *280 particular defect caused the accident was therefore properly-denied.
The objection that no notice of the particular defect which caused the injury had been given to the landlord, was not well taken, because the person who was agent of the premises for some time before the accident had his attention called to this condition of the metal covering, through complaints of the tenants, and he called the housekeeper’s attention to it. He says he found that it was a little ragged upon the edges; that is, that the edges were turned.
Mrs. Katner, a tenant, testified that a month before the plaintiff’s accident the nails were left on the stairs where-the tin had been taken off, and that she told the defendant to have the nails taken out.
Miss Frazer, another tenant, testified to the bad condition of the metal covering of the first stairs as early as January (the plaintiff was injured in May), and also testified to the housekeeper’s husband tacking down a piece of tin which, at that time, had caught her dress on the second stairs. The plaintiff’s son testified that there was tin on the stairs where his mother fell, nailed on here and there.
There was no error in admitting evidence that the day after the accident the small pieces of tin were taken off the stairs, and the place was smoothed. These repairs made immediately after the accident may be regarded as some-evidence that they were needed. Dale v. Del. and L. R. R., 73 N. Y., 468-70.
The judge properly refused, for the reasons already given, to charge that there was no evidence of any duty imposed upon the landlord, nor of any violation of any duty or contract.
The defendant requested the judge to charge a proposition as to contributory negligence, and the judge declined except as he had already charged.
He had repeatedly impressed upon the jury the obligation of plaintiff to establish that she was not guilty of contributory negligence; he had left to them to say whether it was-negligence on her part, with her knowledge of the defects-in the stairs, to go over them in the dark.
She had sworn that she descended the stairs, having hold, of the banisters with her left hand, and was not in a hurry, but went down as she usually did.
The proposition which defendant requested the court to charge, was that if she ventured upon them in the dark without exercising such extra precaution as the unsafe condition of the stairs and the absence of light seemed to demand, she was guilty of contributory negligence. But-there was no proof in the case that she had not exercised the precaution required by the circumstances, nor what. *281 extra precaution, if any, beyond those she took were required, and the request was properly refused.
The evidence amply sustains the verdict, and that judgment should be affirmed, with costs.
Larremore, C. J., and Van Hoesen, J. concur.