JOHN M. MAYER, RESPONDENT, *v.* THE EQUITABLE RESERVE FUND LIFE ASSOCIATION, APPELLANT.

*Questions in an application for life insurance — how far the qualification in one question applies to the other questions.*

In an action, brought upon a certificate of life insurance by an assignee thereof, the defense was interposed that certain misstatements had been made in the application for the insurance.    In the application the assured was asked the following questions: "State, *so far as you know,* what was the age at death, cause of death, etc., of each of the following persons if deceased; what is the age and present state of health of each of them if now living?   Are you now in good health, and is your health usually good?"   To this last question the answer was "Yes."

The testimony of the defense tended to show that the answers given were false, and the court charged the jury that the qualification in the first question above referred to, "so far as you know," was implied and understood in each of the other questions, and said: "If he (the insured), does answer, according to the judgment of the jury, fairly and honestly, then he has performed his warranty."

*Held*, that this charge was erroneous; that the qualifying words "so far as you know" in the prior question did not qualify the subsequent questions, the answers to which were claimed to be false; and as, by the terms of the policy, the answers to such questions were made warranties, if such answers were false, there could be no recovery upon the policy.

APPEAL by the defendant from a judgment in favor of the plaintiff, entered upon the verdict of the jury upon a trial at the Ulster Circuit; also from an order denying the motion made by the defendant upon the minutes to set aside the verdict and grant a new trial.

The action was brought by the plaintiff to recover, as assignee, upon a certificate of membership issued by the defendant to Charles Stephan.    This certificate was a contract of insurance upon the life of Stephan for $5,000, subject to certain terms and conditions.

The defendant answered and alleged a breach of the warranties upon which the certificate was issued; fraud, collusion and misrepresentation in its procurement; no title in the plaintiff.

The certificate of membership constituting the contract for insurance provided that: "In consideration of the representations, warranties and agreements made to and with this association in the application for this certificate of membership," and the payment, etc., the defendant receives Charles Stephan "into its member-

ship," and agrees "that within ninety days after the receipt of due notice and satisfactory proofs of the death of the above-named member, during the continuance of this certificate of membership, there shall be payable to the heirs or legal representatives of said member the sum of $5,000 from the death fund," etc.  The certificate recites that it is "subject to all the provisions contained in the constitution and by-laws of the association," and also that it is "issued and accepted subject to the express conditions that  *  ·*  *  if any of the statements, answers, declarations or representations made in or accompanying the application for this certificate, which application is hereby referred to and made a part hereof, are, in any respect, untrue, then, in each and every such case, this certificate shall cease and determine, and be null and void."

The application was signed by Charles Stephan.  It contained numerous questions and recited that the applicant should answer "fully and truly, with representations upon which as part consideration the certificate, if issued, will be based."  The application contained this declaration: "It is hereby declared and warranted that the foregoing answers and statements are full, complete and true, and it is agreed that this declaration and warranty shall form the basis and shall be a part of the contract between the undersigned and the Equitable Reserve Fund Life Association, and are offered to said association as a consideration of the contract applied for," etc.

Accompanying the application is the medical examiner's report, containing a list of printed question to which the applicant made answer, and signed a declaration similar to the above.  The defendant is an association organized under chapter 175, Laws of 1883 for the purpose of transacting the business of life insurance upon the "assessment plan."

Further facts appear in the opinion.

*Samuel Fleischman,* for the appellant.

*E. S. Wood,* for the respondent.

LANDON, J.:

The application for the certificate was made by Charles Stephan, October 10, 1883, and he died December 27, 1883.  Upon the trial much testimony was given on the part of the defendant tending to

show that several of the answers made by the insured in his application and upon his medical examination were not "fully and truly" answered. According to the terms of the contract these answers were warranties, and if not fully and truly made, the contract was, by its own terms, void. Such was the agreement of the parties to it, an agreement which it is hardly necessary to say it was entirely competent for the parties to make, and which the court cannot unmake, but must accept as made and enforce. (*Foot* v. *Ætna Life Ins. Co.*, 61 N. Y., 571; *Cushman* v. *U. S. Life Ins. Co.*, 63 id 404; *Baker* v. *Home Life Ins. Co.*, 64 id. 648; *Edington* v. *Ætna Life Ins. Co.*, 77 id. 564; *S. C.*, 100 id. 536; *Bryce* v. *Lorillard Fire·Ins. Co.*, 55 id. 240; *Dwight* v. *Germania Life Ins. Co.*, 103 id. 341.)

In the application made by the insured there was one question, the eighth, which required an answer respecting the age, health, etc., of the father, mother, brothers and sisters and grandparents of the insured. The question was: "State, *so far as you know*, what was the age at death, cause of death, duration of final illness, and state of the previous health of each of the following persons, if deceased; what is the age and present state of health of each of them, if now living?" Following this question were these, among others: Ninth. "Are you now in good health, and is your health usually good?" The answer was "Yes." Tenth. "Have you ever had any serious illness, local disease or personal injury; if yes, state nature, date and duration and severity of attack?" The answer was "No." Fourteenth. "Name and residence of your usual medical attendant?" The answer was "None."

The testimony, on the part of the defense, tended to show that the answers given were false. The court charged the jury that the qualification in the eighth question, "so far as you know," was implied and understood in each of the other questions. The court said, referring to the latter questions and the answers to them: "If he (the insured) does answer, according to the judgment of the jury, fairly and honestly, then he has performed his warranty."

We think the learned judge fell into an error. The qualifying words in the eighth question are manifestly inserted because the insured is called upon to speak with respect to the health, etc., of others. He was supposed to have some, but possibly he had only

small knowledge, of the matters inquired of. Respecting himself and his own health and medical attendant, he was presumed to know. If the charge of the court in this respect is sustained, then the insured, whose warranty required him to answer "fully and truly," might, with entire safety, have answered falsely and partly, if the jury should think they could excuse him upon the ground that he answered "fairly and honestly." It is not difficult to see that such a definition of the terms of the contract opened the way for the jury to hold the defendant liable, although every answer of the insured might have been false and known by him to be so. It substituted for the fact itself an inquiry into the dead man's belief respecting the fact. It is enough to say that the defendant had entered into no contract requiring it to abide such a hazard. * * * (Here followed a consideration of the facts relating to the assignment of the certificate to the plaintiff.)

Our examination leads to the conclusion that the law does not defeat the plaintiff's right of recovery upon the ground of the alleged defects in his paper title, but makes it dependent upon the issues of fact. As there must be a new trial for the reasons first assigned, we do not deem it needful to examine the other grounds of error alleged, since upon a new trial they may not arise.

The judgment should be reversed, a new trial granted, costs to abide the event.

LEARNED, P. J., concurred; INGALLS, J., not acting.

Judgment reversed, new trial granted, costs to abide event.