(6 Misc. Rep. 9.)

### McKINLEY v. METROPOLITAN LIFE INS. CO.

(City Court of Brooklyn, General Term. November 27, 1893.)

ACTION ON INSURANCE POLICY—EVIDENCE—PHYSICIAN'S CERTIFICATE.
    The certificate of the attending physician as to the cause of the death of a patient, filed with the board of health of New York city, as required by Laws 1882, c. 410, § 621, is not admissible, in an action on a policy of insurance on the life of such patient, to show that he had a certain disease at the time of applying for the policy, four years before his death.

Appeal from trial term.
Action by Josie H. McKinley against the Metropolitan Life Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.
Argued before CLEMENT, C. J., and VAN WYCK, J.

Arnoux, Ritch & Woodford, for appellant.
J. Stewart Ross, for respondent.

VAN WYCK, J. The plaintiff brought this action to recover on a policy which insured the life of her husband for her benefit. The verdict was in her favor, and from the judgment entered thereupon,. and the order denying motion for a new trial, this appeal is taken. The plaintiff, on the trial, claimed, and gave evidence to establish, that she, at the solicitation of defendant's agent, only made verbal application to him for the policy. The defendant claimed, and gave evidence to establish, that she made or authorized a written application for the policy, and warranted the truth of the statements therein. The defendant further asserted that the statement that her husband had never been sick was false, in that, at the time, her husband had syphilis, and had been suffering with it long prior thereto. We think the evidence would justify a verdict that no such written application was made. The court charged that, if such written application was made, plaintiff could not recover if, at the time, her husband had or had had the disease already referred to; and this brings us to the consideration of the question whether the court erred in excluding an authenticated copy of the attending physician's certificate, filed with the board of health of New York city, in which he certified, among other things, that her husband was a married man, and had died of syphilis of four years' duration. The defendant insisted that the certificate should have been admitted as presumptive evidence of the truth of the recital therein, by virtue of the provisions of 2 Laws 1882, c. 410, § 621. We do not think the legislature has made, or intended to make, the statements of the attending physician to the board of health in relation to the sanitary history of his dead patient admissible in evidence to establish presumptively that the patient had suffered with a disease for four years prior to his death, in an action between an insurance company and the beneficiary of a life insurance policy. It would be a plain violation of the general rule of inadmissibility of hearsay evidence. It would substitute the statements of a person out of court for what he might swear to if called and sworn as a witness. We say what he might swear to, for it is just possible that, if this very physician were called, he would disclose that he had only known deceased for a few days before his death, and, as is usual, that he learned of the four-years sanitary history of his patient from some of his friends. To receive this certificate in evidence under such circumstances would be the admission of the repetition out of court by one person of the declarations made by another out of court, and its character and weight would be clearly akin to common rumor. The proper and rational construction of this section, (section 621,) in our opinion, is that an authenticated copy of the records of the board of health is admissible, when the records themselves are relevant and admissible according to the existing rules of evidence. This seems to be the view of the court of appeals. A similar question, in reference to the records of the board of health of Buffalo, arose in Buffalo Loan, etc., Co. v. Knights, etc., Ass'n, 126 N. Y. 450, 27 N. E. Rep. 942. The learned judge writing the opinion says therein, at page 458, 126 N. Y., and at page 944, 27 N. E. Rep.:

"The statute and ordinance were police regulations, and the records were required for local and specific purposes, and are not public records in such sense as makes them evidence between private parties of the facts recorded. We have found no case which would justify their admission, in a controversy between private parties, as evidence of the cause of death recently happening, where that became a material inquiry."

Even if this certificate was admissible as presumptive evidence of the recitals therein, it would only extend to those required by section 608, subd. 3, of the act, to be stated, viz. the name and death of the patient, and the name of the disease causing his death. This section does not require the physician to certify that he had been diseased for four years prior thereto, or that he was married. Suppose defendant had set up as a defense that plaintiff was not the wife of deceased, it could have urged with equal force the admission of the certificate as presumptive evidence thereof if the physician had certified that deceased was unmarried. For the foregoing reasons we think the judgment and order should be affirmed, with costs.