(12 Misc. Rep. 412.)

### MARKOWITZ v. DRY DOCK, E. B. .& B. R. CO.

(Common Pleas of New York City and County, General Term. January, 1895.)

1. NEGLIGENCE—EVIDENCE—CHANGE MADE AFTER ACCIDENT.

    In an action for personal injuries caused by the snowbank along defendant's street-car track, evidence that defendant removed the snow after the accident is inadmissible. Giegerich, J., dissenting, on the ground that the evidence was admissible for the purpose of showing the exercise of authority or control by defendant over the place where the snow was.

2. SAME—PROOF OF AGE—RECORD OF BOARD OF HEALTH.

    Under Consolidation Act (Laws 1882, c. 410), § 621, making the record of the board of health presumptive evidence in any judicial proceeding of the facts stated therein, the certificate of a coroner made in com-

pliance with section 604 of said consolidation act, which requires a coroner who holds an inquest to file with the health department a certificate showing, among other things, the age of decedent as nearly as can be ascertained, is admissible as evidence of decedent's age. Per Giegerich, J.

Appeal from trial term.

Action by Herman Markowitz, as administrator of Henry Friedman, deceased, against the Dry Dock, East Broadway & Battery Railroad Company for the death of plaintiff's intestate. From a judgment entered on the verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

John M. Scribner, for appellant.
Aaron Kahn, for respondent.

GIEGERICH, J.    The supplemental complaint, among other things, alleges that the tracks of the defendant, among other places, extended and ran over and along Grand street, between Goerck and Mangin streets, in the city of New York; that it was the duty of the defendant to keep that part of said street adjacent to and along which said track ran and extended free from ice, snow, and accumulations and obstructions of every kind and nature; "that on or about January 25, 1891, and for some time previous thereto, the defendant unlawfully, wrongfully, negligently, and carelessly placed, put, and accumulated snow, ice, and mud along and near said track in said Grand street, opposite Goerck street, and unlawfully, wrongfully, and carelessly permitted the same to remain there until said accumulations had formed and been frozen into ice banks, so much so that the same became an obstruction to the public in lawfully traveling across said street;" that on said day one Henry Friedman was carefully traveling across said street opposite said Goerck street, and, in order to do so, he was necessarily compelled to cross and pass over said track of the defendant and said bank of snow, ice, and mud, and while so crossing the said track along said public highway, and as he reached said track, a car of the defendant rapidly approached the place where said Henry Friedman was passing, and, in consequence of the negligence of the driver thereof, threw him down upon the ground, and passed over his right leg, and he was thereby so injured as to cause his death. The supplemental complaint also alleges the appointment of Wilhelmina Friedman as administratrix of the goods, chattels, and credits of her deceased husband; her death, and the appointment of the plaintiff as administrator de bonis non of said Henry Friedman, deceased; and his substitution as plaintiff in the place and stead of said Wilhelmina Friedman, deceased. The answer contains a specific denial of each allegation of the supplemental complaint, except the incorporation of the defendant, which is admitted. The testimony adduced on the part of the plaintiff tended to show that the defendant helped to create the snowbank which prevented the escape of plaintiff's

intestate from the rapidly approaching car, which ran him down. Mr. Markowitz, the plaintiff, testified that he saw a snow plow or sweeper of the defendant, with its own name thereon, sweeping up the snow upon the said bank, which in a few days became frozen to ice. This was disputed by defendant's witness, who claimed that plaintiff was mistaken in reference to the snowplow he saw; and, according to the testimony of the witness called by the defendant, said snowbank was not created by the snowplow of the defendant or any other company, but was composed of snow removed by citizens from the sidewalk and the back yards of adjacent premises, and by them deposited in the street, after the railroad companies had removed and carted away all snow from the place where the accident happened. In rebuttal, the plaintiff was recalled, and, against the defendant's repeated objections and exceptions, testified to the removal of said snowbank by the defendants on the day after the accident. The appellant insists that error is predicable of the admission of this evidence.

The ruling of this court in Brennan v. Lachat, 14 Daly, 197, that evidence of repairs immediately after the accident was admissible as showing some evidence of their being needed, has been overruled by the subsequent decisions of the court of appeals in Corcoran v. Peekskill, 108 N. Y. 153, 15 N. E. 309, and in the still later case of Clapper v. Town of Waterford, 131 N. Y. 382, 30 N. E. 240. These cases hold that the question whether the defendant was negligent must be decided upon the facts as they existed at the time of the injury, irrespective of facts occurring subsequent thereto. But to this rule there is an exception, distinctly recognized by the court in the last-cited case; and that is, where there is a dispute as to the defendant's control or authority over the place where the accident happened, the latter's acts after the accident may be admitted, not as bearing upon the issue of negligence, but for the purpose of showing the exercise of authority or control over such place. Sewell v. City of Cohoes, 75 N. Y. 45, 54; Morrell v. Peck, 88 N. Y. 399. One of the issues presented by the pleadings is whether the defendant erected said snowbank, and permitted the same to remain for such an unreasonable length of time that it became an obstruction in the street; and hence the testimony of the plaintiff as to the removal of the snowbank by the defendant after the accident was relevant. It may be argued that the testimony so admitted should have been expressly limited in its application to the question of control or dominion of the snowbank by the defendant. As it was relevant to an issue in the case, such evidence could not have been excluded (Platner v. Platner, 78 N. Y. 95; Hagerty v. Andrews, 94 N. Y. 195; 1 Rice, Ev. p. 499, § 252); but, if its express restriction to such issue was deemed desirable by the defendant, a request to that effect should have been made at the trial. The record, however, fails to show such a request; and therefore the defendant's rights, if any, have in this respect been waived.

It is insisted that it was not the duty of this railway company to remove said snowbank; but as the jury, by its verdict, has found that such bank was placed in the locality noted and allowed to re-

main there for an unreasonable length of time by the defendant company, it should be held liable for the consequence of its maintenance of a public nuisance (Davis v. Mayor, 14 N. Y. 506, 524; Lamming v. Galusha, 135 N. Y. 239, 242, 31 N. E. 1024); and therefore it cannot claim exemption from liability because that duty may also have devolved upon others (Dixon v. Railroad Co., 100 N. Y. 170, 178, 3 N. E. 65). Hence the defendant's exception taken to the ruling of the learned trial judge in excluding from the evidence chapter 677 of the Laws of 1872 and chapter 335 of the Laws of 1873 appears to me to be without merit.

There was a conflict upon the trial as to the age of plaintiff's intestate when he received the injuries which resulted in his death four days later. Plaintiff's counsel told the jury, in his opening, that the deceased was about 55 to 60 years of age. The plaintiff testified that he was 67 years old, but the defendant's testimony, on the other hand, showed him to be 76 years of age. Defendant's counsel offered in evidence a copy of or transcript from the certificate or record of death filed with the health department of the city of New York by the coroner who held the inquest upon the body of plaintiff's intestate, containing the particulars called for and required by section 604 of the consolidation act (chapter 410, Laws 1882), said copy or transcript being authenticated in conformity with section 621 of the said act, and from which it appears that intestate was at the time of his death of the age of 76 years, 8 months, and 18 days. This was objected to as incompetent, inadmissible, and hearsay. The court excluded the paper writing, to which ruling the defendant's counsel excepted. Plaintiff's counsel stated that his objection went solely to the statement of age contained in the certificate; but, as the defendant's counsel insisted upon offering it "as evidence of everything contained in it," the court was obliged to rule upon the whole offer, and in so ruling sustained the objection.

Section 604 of the consolidation act requires coroners of the city of New York who have held an inquest to file with the health department a certificate specifying, "as near as the same can be ascertained, the name and surname, age, occupation, term of residence in said city, place of nativity, condition in life, whether single, married, widow, or widower, color, last place of residence, and the direct and indirect cause of death of such person.

Section 621 of the same act prescribes:

"All courts shall take judicial notice of the seal of said board and of the signature of its secretary and chief clerk. Copies of the record of the proceedings of said board [health department] * * * and books, and papers constituting part of its archives, when authenticated by its secretary, or secretary pro tempore, shall be presumptive evidence, and the authentication be taken as presumptively correct in any court of justice, or judicial proceeding, when they may be relevant to the point or matter in controversy, of the facts, statements, and recitals therein contained."

In Woolsey v. Trustees, 84 Hun, 236, 32 N. Y. Supp. 543, the court, in passing upon a similar statutory provision, said:

"While it is quite apparent that the primary object of the legislature in enacting these provisions of law was to furnish information upon the sub-

ject of vital statistics for sanitary purposes, yet it is manifest that the language employed is broad enough to make these certificates such as the act expressly declares 'shall be admitted in all the courts of this state as prima facie evidence of the facts therein set forth.' Under such circumstances, we think the certificates were competent evidence."

The case of Buffalo Loan, Trust & Safe-Deposit Co. v. Knights Templar & Masonic Mut. Aid Ass'n, 126 N. Y. 450, 27 N. E. 942, cited by respondent's counsel, is clearly distinguishable from the one at bar, in that the statute under which the physician's certificate was filed (title 12, c. 519, Laws 1870, as amended by subdivision 5, § 10, tit. 12, c. 181, p. 335, Laws 1885) contains no provision whatsoever for making such certificate evidence of the facts therein set forth; but in the present case ample provision therefor has been made by the legislature, which, as may be pointed out in passing, has at all times authority to make, modify, and control the rules of evidence. Howard v. Moot, 64 N. Y. 262; People v. Cannon, 139 N. Y. 32, 34 N. E. 759. There is still a further and an important distinction to be drawn between said case and the present one. In the former the certificate was made by one who was not a public officer; while in this it was made by a judicial officer (see 1 Rev. St. [Banks Bros.' 8th Ed.] pt. 1, p. 390, c. 5, tit. 4, art. 4, § 49), whose duty it was to inquire into and ascertain the matters set forth in his certificate. Consequently, the same should, for all purposes of the case, be viewed as a public document. Rice, Ev. pp. 186, 187, § 126. For reasons similar to those last stated, the case of McKinley v. Insurance Co., 6 Misc. Rep. 9, 26 N. Y. Supp. 63, is also distinguishable from the present one. It is manifest that the attention of the court was not called in that case to the consideration adverted to, and therefore the decision rendered is not supported by the case of Buffalo Loan, Trust & Safe-Deposit Co. v. Knights Templar & Masonic Mut. Aid Ass'n, supra, cited as sanctioning it. I have examined the other cases cited by respondent's counsel, but find that they are not in point.

It follows from these views that the exclusion of the paper writing in question was error, which to me appears to be so radical as of itself to necessitate a reversal of the judgment, and therefore it is not essential that we specifically consider other points urged by the appellant upon this appeal. The judgment should therefore be reversed, and a new trial ordered, with costs to abide the event.

BOOKSTAVER, J. I cannot concur in the conclusion of the learned judge who writes in this case as to the admissibility of the evidence tending to show the removal of a snowbank from the line of defendant's road on the day after the accident. The ruling, was, doubtless, based on Brennan v. Lachat, 14 Daly, 197, and was fully justified by that case. But Brennan v. Lachat was decided in 1887, and followed the rule apparently laid down in Dale v. Railroad Co., 73 N. Y. 468. Since that time the court of appeals has distinctly held that such evidence is inadmissible to show negligence on the part of a defendant. Corcoran v. Peekskill, 108 N. Y. 153, 15 N. E. 309; Clapper v. Town of Waterford, 131 N. Y. 382, 30 N. E. 240. But the judge who writes in this case thinks the ruling may

be sustained on the ground that it was admissible for the purpose of showing the exercise of authority or control over the place where the snowbank was. I do not think that it is necessary to decide that question in this case. It is true, as he states, that among the issues presented by the pleadings is the question whether the defendant caused the snowbank in question, and permitted it to remain for such an unreasonable length of time that it became an obstruction in the street. But it was incumbent upon the plaintiff to offer such evidence as he had on that question in chief. The testimony objected to was offered in rebuttal. Besides, the testimony offered was capable of various interpretations, and the necessary inference from it was not that the defendant caused the snowbank, or had permitted it to remain an unreasonable length of time, while it was subject to the criticism well expressed in Corcoran v. Peekskill, sura, that:

"After an accident has happened, it is ordinarily easy to see how it could have been avoided, and then for the first time it frequently happens that the owner receives his first intimation of a defective or dangerous condition of the machine or structure which caused or led to the accident. Such evidence has no tendency whatever, we think, to show that the machine or structure was not previously in a reasonably safe and perfect condition, or that the defendant ought, in the exercise of reasonable care and diligence, to have made it more perfect, safe, and secure. While such evidence has no legitimate bearing upon the defendant's negligence or knowledge, its natural tendency is undoubtedly to prejudice and influence the minds of the jury."

The evidence shows that the track at the point of the accident was used, but not owned, by the defendant company; that it was the property of the Forty-Second Street & Grand Street Railroad Company, and was leased to the defendant company under an agreement between the two whereby the Forty-Second Street Company assumed the duty and obligation of keeping the track in good repair, and free from snow and ice. It also shows that the defendant company's snowplow had been used on this portion of the track, and that by reason thereof the snow was thrown between the track and the sidewalk. Now, the corporation ordinance in force in 1881 (article 28, §§ 268–273) required the company making use of such snowplow to remove and carry away the snow so thrown up under certain penalties, and it was, doubtless, because of this that the snow was removed. The mere compliance with a corporation ordinance should not be regarded as any evidence as to the exercise of dominion over that portion of the street, nor was it apparently offered for that purpose. Still, it is clear that it did tend to prejudice and influence the minds of the jury against the defendant. If it had been important for the plaintiff to show the exercise of dominion or the right to exercise such dominion, it could have been accomplished by the introduction of evidence which could not have been misconstrued. I therefore think that the admission of this testimony was erroneous, and that the judgment should be reversed for this reason, as well as for the error pointed out in the remaining portion of the opinion.

BISCHOFF, J., concurs.