WEBB et al. v. SECURITY MUT. LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit. November 27, 1903.)

No. 1,917.

**1. LIFE INSURANCE—AVOIDANCE FOR BREACH OF WARRANTY—MISSTATEMENT IN APPLICATION.**

An application to defendant for life insurance was made a part of the policy, and provided that all the statements therein made should be deemed material, and that the policy should be void if any statement was not full and complete or was untrue. A question as to whether any application to insure his life had ever been made to any other company on which a policy had not been issued was answered by the applicant in the negative. In fact, some five months previously he had signed two of the divisional parts of an application to another company, and had delivered them to the local agent and medical examiner, and had been partially examined by the latter. Subsequently he declined to complete the examination on the ground that he had been misinformed as to the character of the policy. The parts of the application signed were thereafter forwarded to the company, and the application was formally rejected, of which fact he was notified. *Held*, that his failure to disclose such facts in his application to defendant avoided the policy, and that the fact was immaterial that the prior application was conditional, and was not to become operative or be sent to the company unless upon examination he approved the form of policy.

In Error to the Circuit Court of the United States for the District of Colorado.

Granville I. Chittenden, for plaintiffs in error.

Fredric William Jenkins and Alfred C. Phelps, for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and HOOK, District Judge.

HOOK, District Judge. This was an action brought by the beneficiaries upon a policy of insurance on the life of Elias H. Webb, of Denver, Colo., issued by the Security Mutual Life Insurance Company of New York. The policy having been issued, Webb having died, due proofs of death and of the insurable interest of the plaintiffs having been made, the questions in the case concern the affirmative defenses interposed by the company, only one of which, however, need be noticed. Webb made the application for the policy upon his life. It was by express terms constituted a part of the policy itself; and it was therein agreed that the answers and explanations given to the various questions set forth should be the only basis of the contract between him and the company, that each and every statement and answer so made was material to the risk, and each of them was warranted by him to be full, complete, and true. It was further agreed in the application that if any such statement or answer was not full and complete, or was untrue in any respect, then the policy of insurance issued thereon should be null and void. Among the questions contained in the application for the policy was the following: "Has any proposal or application to insure your life ever been made to any company, association or agent, upon which a policy has not been issued, or upon which a policy has been issued at a

higher rate than that applied for? If so, state full particulars; to what company or association, when, etc." To this question Webb answered "No." The undisputed evidence at the trial showed that within less than five months prior to so answering Webb had negotiations with the Colorado agents of the Mutual Reserve Fund Life Association of New York looking to the issue of a policy of insurance for $10,000 upon his life. In the presence of a soliciting agent Webb answered all of the questions contained in what was called "Part I" of the application for insurance in that association. His answers were inserted, he signed the document, and delivered it to the agent. Upon it was indorsed a power of attorney, which Webb also signed, authorizing a resident of New York to act as his representative at the meetings of the members of the association. On the same day he was attended by the local medical examiner of the association, and was questioned concerning his past and existing physical condition, his habits and his family history. The questions and his answers thereto appeared in what was called "Part II" of the application. Webb signed it, and left it in the possession of the medical examiner. Immediately over his signature was a recital that the instrument should be made a part of his application for a policy of insurance in the association. On the same occasion the medical examiner made a physical examination of Webb, and inserted a statement of the information thus obtained in a form which was called "Part III" of the application. This examination was not completed owing to the absence of certain facilities therefor. When Part I was completed and signed, it was forthwith forwarded to the home office of the association. A few days later Webb declined to allow the completion of the physical examination or to proceed further in the matter, claiming that he had been misinformed regarding the character of the policy. Shortly afterwards the statements taken by the medical examiner, with some supplementary communications, were forwarded to the home office, where the application for insurance was formally rejected by the medical director of the association, and notice to that effect was mailed to Webb. No policy was ever issued by the association as a result of these negotiations. All of this occurred before Webb applied for and secured the policy of insurance from the defendant company.

This is the second time this cause has been before this court. At the first trial in the court below a verdict for the plaintiffs was directed, but the judgment resting thereon was reversed by this court and the cause remanded for a new trial. Security Mutual Life Ins. Co. v. Webb, 106 Fed. 808, 45 C. C. A. 648, 55 L. R. A. 122. A more detailed statement of the facts of the case may be found in the opinion there reported. At the second trial, which is the subject of the present review, the Circuit Court directed a verdict for the defendant. The only material change in the situation is that at the last trial counsel for the plaintiffs offered to prove that when Webb signed Part I of the application for insurance in the Mutual Reserve Fund Life Association he stated to the soliciting agent of that association that it was not to become operative as a request for insurance unless he afterwards decided that he desired a policy if he should be ac-

cepted as a risk; that he had not yet decided to take such a policy; that when he delivered the instrument in question to the soliciting agent he stated to him that he should retain it and not deliver it to the association, as he (Webb) desired to further investigate the character of the policy offered to him, and that the agent assented to that arrangement; that, when the soliciting agent with whom the arrangement was made delivered the document to the state agent of the association, it was so delivered subject to the same conditions; that a day or two later Webb was furnished with a sample copy of the policy offered, and a few days afterwards he notified the agents that he did not want a policy in that association; that when the state agent forwarded Part I to the home office he did so solely for the purpose of escaping personal liability for the fee of the medical examiner. The Circuit Court rejected this offer of evidence. Had this evidence been received and the facts recited been proved, would a different conclusion upon the merits of the case have resulted? Do the facts assumed in the offer of proof put an aspect upon the case materially different from that which it wore when it first arose for consideration in this court? A narrow or technical meaning should not be given to the question which Webb was called upon to answer when he applied to the defendant company for insurance. It related to a matter which it was important that the company know before it assumed the relation of insurer—a matter material and substantial irrespective of the words of warranty contained in the application for the policy in suit. As was said by this court when this case was here before, the question "was so framed as to direct the attention of the deceased to any negotiations which he had previously entered into with any other company or agent relative to insurance on his life, and the inquiry was in no respect obscure or misleading." An applicant for a policy of insurance has no right to fence with the truth in answering such an inquiry. He should meet it in good faith and according to its letter and spirit. Nor will good faith excuse him if the answer is untrue. The meaning of the term "application," as employed in the question propounded to Webb by the agent of the defendant company, is not confined to a full and final completion of all the various parts into which the preliminary negotiations and examinations are divided by another company for its convenience. In the absence of the agreement which the plaintiffs sought to prove, the completion, signing, and delivery of the first document to the soliciting agent constituted an application for insurance. Edington v. Insurance Co., 77 N. Y. 564; Id., 100 N. Y. 536, 3 N. E. 315; Security Mutual Life Ins. Co. v. Webb, supra. And it is not doubted that an application for insurance may under some circumstances take a form much less formal and complete. Webb was seeking insurance upon his life; he availed himself of the services of the representatives of the Mutual Reserve Fund Life Association; he answered the questions and signed and delivered the preliminary application and the warrant of attorney to the soliciting agent; he answered the questions and signed and delivered the second document to the medical examiner; he invited and secured a physical examination at least in part. Whether he subsequently declined to accept the policy

of the association or it rejected him as a risk is immaterial. The material fact in that connection is that a policy was not issued. The crucial question now presented is whether the agreement which the plaintiffs offered to prove, and which for present purposes we must assume was made, destroyed the character of that which this court heretofore determined to be an application for insurance. May the natural and logical effect of all that was done by Webb be nullified by an agreement with the agents of the association that he should not be considered as applying for insurance unless, after all inquiries and examinations were complete and he was accepted as a risk, he should then conclude that he desired it? The suggestion of such a result would strike the average mind as fallacious. It involves a sacrifice of substance to a form of words. It signifies an agreement that what actually exists shall for some obscure purpose or end be considered as not existing. Such an agreement was unnecessary for the protection of Webb against an obligation to take a policy in the association, because the negotiations would not assume a binding character until he actually accepted a policy which was satisfactory to him. But whether it was intended to accomplish that or some other purpose, while the negotiating parties might stipulate that so far as concerned themselves exclusively such purpose should be attained, and to that end that what Webb did should be considered as not having been done, they could not alter the essential nature and purport of his acts to the prejudice of others who were entitled to be advised thereof. By the agreement made with the soliciting agent as it is interpreted by the plaintiffs, Webb would have been allowed to sign all preliminary papers, to invite and submit to all examinations, and generally to pursue his negotiations for insurance in the association until it accepted him as a risk, and then, after all was done, to give a name and character to that which he had done by simply deciding whether he did or did not desire the insurance. If he wanted the insurance, then he should be considered as having made an application, and, if he did not want the insurance, then he should be considered as not having made an application. With equal reason Webb could have made an arrangement with the soliciting agent that if the association rejected him as a risk he should be deemed not to have made an application, and otherwise if it accepted him. Business affairs cannot be conducted on such a basis, nor can the employment of such fictions be permitted in the administration of justice. Of course, Webb and the association, as between themselves, could have agreed to anything not inhibited by law, but when he afterwards came to deal with another, as he did with the defendant, which had as a condition to its contractual engagements a right to be advised of what had been done, he was charged with the duty of giving to things their right names, and of ascribing to his previous acts their natural and proper characteristics. The most that can be said in support of the position of the beneficiaries is that the application of Webb for insurance in the Mutual Reserve Fund Life Association was a conditional application instead of one that was absolute or unqualified; that, by virtue of his agreement, whether he had made an application or not was conditioned by his

desire, formed after his voluntary examinations and after the association had passed upon the showing made by him and had accepted him as a risk, to take or not to take the insurance offered. Ignoring the casuistry inherent in this proposition, it is sufficient to say that conditional applications as well as those which are without condition are well within the scope of the question propounded to Webb by the defendant company, and within the injunction therein contained that full particulars be stated. The answer which was given to the question was untrue instead of being true and full and complete, as it should have been, and therefore the policy of insurance obtained from the defendant by means of such answer is void.

The judgment of the Circuit Court is affirmed.